Filing # 145113994 E-Filed 03/04/2022 03:24:28 PM

IN THE COUNTY COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| **Jeremy Collins** | Case No.: _____ |
| *Plaintiff,* | |
| vs. | Section: _____ |
| **Radius Global Solutions LLC,** | |
| *Defendant.* | **Jury Trial Demanded** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Jeremy Collins, ("**Mr. Collins**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Radius Global Solutions, LLC ("**Radius**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages not exceeding $8,000.00 brought by Mr. Collins against Radius for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**"), the Fair Credit Reporting Act, 15 U.S.C. 1681, *et. seq.* ("**FCRA**"), and the Florida Consumer Collection Practices Act, Section 559.55, Florida Statutes *et. seq.* ("**FCCPA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA 15 U.S.C. 1681p, the FCCPA, Section 559.77(1), Florida Statutes, and Section 34.01, Florida Statutes.

3. Radius is subject to the provisions of the FDCPA, the FCRA, and the FCCPA, and are subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Clay County, Florida because the acts complained of were committed and / or caused by Radius within Lake County.

## PARTIES

5. **Mr. Collins** is a natural person residing in Clermont, Lake County, Florida and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), the FCRA, 15 U.S.C. 1681a(c), and the FCCPA, Section 559.55(8), Florida Statutes.

6. **Radius** is a Minnesota corporation with a primary business address of 7831 Glenroy Rd., Suite 250, Edina, MN 55439.

7. Radius is registered to conduct business in the state of Florida where its registered agent is **C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324**.

8. Radius is licensed by the State of Florida as a Consumer Collection Agency ("CCA") under license number **CCA0900498. SEE PLAINTIFF'S EXHIBIT A.**

9. Radius is a "debt collector" within the meaning of the FDCPA and FCCPA, 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, respectively, in that it uses postal mail or another instrumentality of commerce, interstate and within the state of Florida, for its business, the principal purpose of which is the collection of debts. Alternatively, it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

### The Debt

10. In or around October 2018, one or more of Mr. Collins's doctors supposedly ordered one or more laboratory tests for medical purposes.

11. The tests were performed by Laboratory Corporation of America ("**LabCorb**").

12. Mr. Collins was not aware any out-of-network provider was being utilized for laboratory tests, or even that such tests were being performed specifically by LabCorp.

13. Later, Mr. Collins received what is often referred to as a "surprise medical debt" for $803 ("**the Debt**").

14. A "surprise medical debt" is when an out-of-network medical bills the consumer for procedures done months earlier, without the consumer's knowledge that such provider was being utilized and that resulting bill would not be covered by the consumer's health insurance.

15. Indeed, as of January 1, 2022, such "surprise medical debts" are prohibited by the No Surprises Act, Pub. L. No. 116-260, 134 Stat. 1182, Division BB, § 109.

16. Around September 21, 2021, LabCorp transferred the Debt to Radius for collection.

17. The Debt arose from services which were for family, personal, or household purposes, specifically personal medical treatment, and therefore meets the definitions of debt within the FDCPA and FCCPA, 15 U.S.C. § 1692a(5) and Section 559.55(6), Florida Statutes, respectively.

### Radius' Requests of a CBR regarding Mr. Collins Without Permissible Purpose

18. On September 22, 2021, Radius, in connection with the collection of the Debt, requested Mr. Collins's credit bureau report ("**CBR**") from Trans Union, a nationwide consumer credit reporting agency ("**CRA**").

19. A record of Radius' inquiries was logged by Trans Union. **SEE PLAINTIFF'S EXHIBIT B.**

20. To lawfully request a *Credit Bureau Report* ("**CBR**") from a CRA, a debt collector must be collecting a debt which arises from a *Credit Transaction* involving the consumer. *See* 15 U.S.C. §1681b(a)(3)(A); *Pigg v. Fair Collections & Outsourcing, Inc.*, No.

1:16-CV-01902-JMS-DML, 2017 WL 3034266, at *4 (S.D. Ind. July 18, 2017) (holding that a debt collection agency did not have a permissible purpose because, even where a debt exists, a "credit transaction is a necessary prerequisite" for § 1681b(a)(3)(A)).

21. A *Credit Transaction* involving the consumer is one in which the consumer voluntarily participates and enters into an agreement to receive goods or services in advance of payment, with the consent of both parties. *See Pintos v. Pacific Creditors Association*, 504 F. 3d 792, 798 (9th Cir. 2007); *Miller v. Trans Union LLC*, No. 06 C 2883 at *7 (N.D. Ill. Feb. 28, 2007); *Rodriguez v. Experian Info. Sols., Inc.*, Case No. C15-01224RAJ, at *9 (W.D. Wash. Jul. 25, 2016).

22. No transaction between Mr. Collins and LabCorp constituted an extension of credit, *i.e.*, one in which the consumer voluntarily participated and entered into an agreement to receive goods or services in advance of payment, with the consent of both parties.

23. Indeed, no voluntary transaction between Mr. Collins and LabCorp existed.

24. Thus, while the amount claimed owed by LabCorp may constitute a "consumer debt," it is not a *credit transaction* involving the consumer. *Laramore v. Ritchie Realty Mgmt. Co.*, 397 F.3D 544, 546 (7th Cir. 2005) (Affirming the district court's determination that a residential lease was not an extension of credit, stating, "The typical residential lease involves a contemporaneous exchange of consideration — the tenant pays rent to the landlord on the first of each month for the right to continue to occupy the premises for the coming month.").

25. Debt collection is a permissible reason for obtaining a credit report **only** when a debt arises from a transaction in which the debtor **voluntarily and directly seeks credit.**" *Baron v. Mark A. Kirkorsky, P.C.* (Case No. 17-cv-01118, U.S.D.C., District of Arizona) *Emphasis Added.*

26. At the time the Debt was incurred, Mr. Collins was oblivious to the fact the Debt existed; logically, Mr. Collins could not have requested credit terms for a Debt which he did not know existed.

27. Thus, the alleged Debt did not arise from a credit transaction involving the consumer.

28. Because the Debt did not arise from a credit transaction involving the consumer, Radius lacked a permissible purpose each time it requested a CBR from Trans Union.

29. Radius frequently pulls credit reports on consumers from Trans Union, without first determining if it has lawful permissible purpose to do so.

30. Requesting a CBR from a CRA is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

31. Mr. Collins has hired the aforementioned law firm to represent him and has assigned said firm his right to the reasonable fees recoverable under the statutes.

## COUNT I
## VIOLATIONS OF THE FDCPA

32. Mr. Collins adopts and incorporates paragraphs 1 – 31 as if fully restated herein.

33. Radius violated **15 U.S.C. § 1692e(8)** when it communicated to any person credit information which is known or which should be known to be false, when it certified to Trans Union in September 2021 that it had a permissible purpose to obtain a credit report on Mr. Collins, when the Debt did not arise from a credit transaction and Radius thus lacked such permissible purpose.

34. Radius violated 15 U.S.C. § **1692e(2)(a)** when Radius made a false representation about the character and legal status of a debt by claiming the Debt was a credit-based transaction for which a CBR could be obtained from Trans Union, when the Debt did not arise from a credit-based transaction.

35. Radius violated 15 U.S.C. § **1692e and 1692e(10)** in that it made false and misleading representations in an attempt to collect a debt and/or obtain information about Mr. Collins by claiming the Debt was a credit-based transaction for which a CBR could be obtained from Trans Union, when in fact the Debt did not arise from a credit-based transaction.

36. Radius' conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE**, Mr. Collins respectfully requests this Honorable Court enter judgment against Radius for:

    a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b. Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d. Such other relief that this Court deems just and proper.

## COUNT II
## RADIUS'S VIOLATIONS OF THE FCCPA

37. Mr. Collins adopts and incorporates paragraphs 1 – 31 as if fully stated herein.

38. Radius violated Section **559.72(9)**, Florida Statutes, when it asserted a right that does not exist, specifically, the right to obtain a credit report from Trans Union regarding Mr. Collins without permissible purpose to do so.

**WHEREFORE**, Mr. Collins respectfully requests that this Honorable Court enter judgment against Radius, for:

 a. Statutory damages of **$1,000** pursuant to Section 559.77(2), Florida Statutes;

 b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

 c. Reasonable costs and attorneys' fees pursuant to section 559.77(2), Florida Statutes; and,

 d. Such other relief that this Court deems just and proper.

## COUNT III
## RADIUS'S VIOLATIONS OF THE FCRA

39. Mr. Collins adopts and incorporates paragraphs 1 - 31 as if fully stated herein.

40. Radius violated **15 U.S.C. § 1681b(f)** when it obtained a CBR from Trans Union without permissible purpose, on three separate occasions within the last two years, as the alleged Debt did not arise from a "credit transaction involving the consumer."

41. Radius' conduct was willful and intentional, or, alternately, was done with a reckless disregard for consumer rights.

42. Radius is liable under the FCRA to Mr. Collins in a statutory amount up to $1,000 *per incident.*

**WHEREFORE,** Mr. Collins respectfully requests this honorable Court to enter judgment in his favor, and against Radius, for:

 a. The greater of Mr. Collins's actual damages or statutory damages of **$1,000** per incident pursuant to 15 U.S.C. § 1681n(a)(1)(B) or 15 U.S.C. § 1681o(a)(1);

 b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2); and,

 c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Collins demands a jury trial on all issues so triable.

Respectfully submitted on March 4, 2022, by:

/s/ *Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar Number: 118103
Seraph Legal, P. A.
1614 N 19th Street
Tampa, FL 33605
(813) 321-2347
Tbonan@SeraphLegal.com
Attorney for Plaintiff

# EXHIBIT A
## Defendant's Consumer Collection Agency License



**REALSYSTEM**
Regulatory Enforcement and Licensing

Florida Office of Financial Regulation

### License Details

Press "Previous Record" to display the previous license.
Press "Next Record" to display the next license.
Press "Search Results" to return to the Search Results list.
Press "New Search Criteria" to do another search of this type.
Press "New Search" to start a new search.

| License Number: CCA0900498 | | Current Date: 02/14/2019 05:53 PM |
|---|---|---|
| Name: | RADIUS GLOBAL SOLUTIONS LLC | |
| License Type: | Consumer Collection Agency | |
| License Status: | Current Active Registration | |
| License Status Effective Date: | 11/01/2018 | |
| Expiration Date: | 12/31/2019 | |
| Original Date of Licensure: | 08/21/2000 | |

**Addresses**

| Business Main Address | Address | 7831 GLENROY RD<br>STE 250<br>EDINA, MN<br>HENNEPIN<br>55439<br>US<br>View on a map |
|---|---|---|
| | Phone Number: | (952) 831-4005 |
| Mailing Address | Address | 3850 N. CAUSEWAY BLVD., SUITE<br>LAKEWAY TWO BLDG.<br>METAIRIE, LA<br>JEFFERSON<br>70002<br>US<br>View on a map |

Previous Record   Search Results   New Search Criteria   New Search   Print

# EXHIBIT B
## Plaintiff's Trans Union Consumer Disclosure Inquiries Excerpt

TransUnion Credit Report          https://annualcreditreport.transunion.com/dss/disclosure.page#simple-inq...

Personal Credit Report for:
JEREMY COLLINS

**REDACTED**

To start a dispute online, click here.

## 👤 Personal Information
You have been on our files since 03/01/2000. Your SSN has been masked for your protection.

**Credit Report Date**
03/03/2022

**REDACTED**

Addresses

# EXHIBIT B
# Plaintiff's Trans Union Consumer Disclosure Inquiries Excerpt

TransUnion Credit Report   https://annualcreditreport.transunion.com/dss/disclosure.page#simple-inq...



**RADIUS GLOBAL SOLUTIONS LLC**
6911****

Address
7831 GLENROY RD,SUITE 250A
MINNEAPOLIS, MN 55439

Phone
(844) 802-3990

Date Opened
09/21/2021

Responsibility
Individual Account

Account Type
Open Account

Loan Type
COLLECTION AGENCY/ATTORNEY

Balance
$803

Date Updated
02/26/2022

High Balance
$803

Original Creditor
LABORATORY CORPORATION OF AMER

# EXHIBIT B
## Plaintiff's Trans Union Consumer Disclosure Inquiries Excerpt

TransUnion Credit Report                   https://annualcreditreport.transunion.com/dss/disclosure.page#simple-inq...

| Past Due | Pay Status |
|---|---|
| $803 | >Collection< |
| Estimated month and year this item will be removed | Remarks |
| 09/2025 | Account information disputed by consumer (FCRA): >PLACED FOR COLLECTION< |



9 of 36                                                                                                3/3/2022, 9:30 AM

# EXHIBIT B
## Plaintiff's Trans Union Consumer Disclosure Inquiries Excerpt

TransUnion Credit Report     https://annualcreditreport.transunion.com/dss/disclosure.page#simple-inq...

Name

**REDACTED**

**RADIUS GLOBAL SOLUTIONS**

| Location | Requested On | Phone |
|---|---|---|
| 9550 REGENCY SQUARE BLVD<br>SUITE 602<br>JACKSONVILLE, FL 32225 | 09/22/2021 | (866) 394-2675 |

**REDACTED**